## Harris Seff's Appeal.

### Seff's Estate.

Where the maternal grandmother of a minor under fourteen years old petitions for the appointment of a guardian of the estate to which the petitioner alleges the minor is entitled, and the minor's father answers denying that the minor is entitled to any estate whatever, the proper practice is to take testimony to determine the truth of the respective allegations; but a decree appointing a fit person guardian on petition and answer will not be reversed.

A decree appointing a guardian of the person and estate of a minor in accordance with the prayer of a petition, may be amended by limiting the guardianship to the estate, although the father of the minor has meanwhile filed an appeal from the decree.

(Argued April 21, 1887. Decided May 2, 1887.)

January Term, 1887, No. 357, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a decree of the Orphans' Court of Schuylkill County appointing a guardian of the estate of two minors. Affirmed.

The petition of Elizabeth Olenick set forth that she was the grandmother of Solomon Seff and Isidore Seff, minor children of Selina Seff, late of the borough of Pottsville, deceased, under the age of fourteen years; that they had no guardian to take care

NOTE.—In Sweitzer's Estate, 1 Woodw. Dec. 295, the court refused to appoint a guardian for minors, whose only estate consisted of a contingent interest in property.

of their persons and estates; that there was a personal estate of about $2,500 belonging to them, left by their mother, and that said property was being used and employed by their father in business, and that she feared it might be lost or wasted, and therefore prayed the appointment of a guardian for them.

Harris Seff, the father of the children, filed an answer the same day, that this application was made without any notice to him, and without his knowledge or consent; that Mrs. Olenick was a resident of New York, and not on friendly terms with him, and was trying to make trouble between him and his children; that he resided in Pottsville, where he was permanently engaged in business, and had his said children living with him; that he was keeping, supporting, and educating them, and was, as always, willing and able to provide for them, and to look after their welfare, and that there was no occasion for any interference between him and his children.

Afterward he filed a second answer in which he denied that said Selina Seff left any estate whatsoever, or that the children had any estate.

Afterward the court below, without taking testimony, entered the following decree:

"And now, February 21, 1887, upon reading within petition, the court appoints I. J. Lichtenberg guardian of said minors, and directs that he give bond in the sum of $300 for each child, with surety to be approved by the court."

From this decree Harris Seff, in February 24, 1887, appealed, and on the same day, but afterward, the court made this order:

"And now, February 24, 1887, it is hereby ordered that the above application be filed, and that the appointment of I. J. Lichtenberg, as guardian, made upon the 21st of February last, be modified and changed so as to constitute and make the said Lichtenberg only guardian of the estates of the said minor children."

*A. W. Schalck,* for appellant.—The appointment of a guardian is a final decision upon the right to the care and control of the person of the minor, or to the possession and management of his estate, or to both, as the case may be. It is not an interlocutory order, but a definite decree, from which an appeal lies to this court. Senseman's Appeal,

21 Pa. 334; Heinemann's Appeal, 96 Pa. 112, 42 Am. Rep. 532; Pote's Appeal, 15 W. N. C. 289.

Where the father is in full life, and within the jurisdiction of the court, he ought to have notice of the proceedings, and is entitled to be heard. Senseman's Appeal, 21 Pa. 333.

Testimony should have been taken, and the truth of the charges legally established by proofs. Heinemann's Appeal, 96 Pa. 112, 42 Am. Rep. 532.

The modification of the order first made was beyond the power of the court. Filing the appeal suspended the court's jurisdiction.

"Any person aggrieved by a definite sentence or decree of the orphans' court may appeal from the same to the supreme court, . . . which appeal thenceforth shall stay all proceedings in the orphans' court," until the same be determined in the supreme court, and the record be remitted to the orphans' court. Act of March 29, 1832, § 59, Purdon's Digest, ed. 1883, p. 1286, pl. 62.

The power of the orphans' court to appoint a guardian is purely statutory.

"The orphans' court of each county shall have the care of persons of minors resident within such county, and of their estates, and shall have power to admit such minors when, and as often as, there shall be occasion to make choice of guardians, and to appoint guardians for such as they shall judge too young," etc. Act of March 29, 1832, P. L. 191.

The court has no power to appoint a guardian for minors, simply because someone (perhaps an entire stranger or an interloper) asks it, or because some relative or pretended friend, out of whim or caprice, or perhaps from improper motives, demands it.

There must be "occasion" for it, a legal cause or ground for the action or interference of the court. McCann's Appeal, 49 Pa. 304; Gray's Appeal, 96 Pa. 243.

This occasion to warrant the action of the court, when questioned, must be legally shown, and the *ex parte* affidavit attached to the petition does not *per se* establish anything. Pittsburg's Appeal, 79 Pa. 317.

*John W. Ryon,* for appellee.—The act of March 29, 1832, provides that the orphans' court of each county shall have the

care of minors residing within such county, and of their estates, and shall have power to admit such minors, when and as often as there shall be occasion, to make choice of guardians and to appoint guardians of such as they shall adjudge too young or otherwise incompetent to make choice for themselves.

The orphans' court is to judge whether there is occasion for the appointment of a guardian and is to judge of the fitness of the person proposed for the guardian. A legal discretion is vested in the orphans' court to appoint guardians of the persons and estates of minors; and such discretion is not the subject of review in a court of error. Gray's Appeal, 96 Pa. 243; McCann's Appeal, 49 Pa. 304.

PER CURIAM:

As a matter of correct practice evidence should have been taken before making the decree; but modified as it has been, and being now restricted to a guardianship of the estate only, of the minor children, we cannot discover that the appellant is injured thereby. If they have no estate as he avers, the guardian will take nothing from him. If they have some which the appellant conceals, the necessity for a guardian is apparent.

Decree affirmed and appeal dismissed, at the costs of the appellant.